IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEENAN L. CLOUD, #849029, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:02-CV-2789-L |
| | § | |
| NATHANIEL QUARTERMAN,[*] Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Petitioner's Motion for Reconsideration, filed December 12, 2006. After careful consideration of the motion, record and applicable law, the court **denies** Petitioner's Motion for Reconsideration.

### I.  Factual and Procedural Background

On March 23, 2002, Petitioner Keenan L. Cloud ("Petitioner" or "Cloud") filed his petition for habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in a nonjury trial of robbery in the 283rd Judicial District Court of Dallas County, Texas, Cause No. F96-50050. In his Petition he alleged: (1) the grand jury was improperly selected and impaneled; (2) the prosecution failed to disclose favorable evidence; (3) trial counsel rendered ineffective assistance of counsel; (4) the conviction was based on evidence obtained from an unlawful arrest; (5) the prosecutor presented

---

[*]The previously named respondent in this action was Jane Cockrell. Since the closure of this action, she was succeeded by Doug Dretke as the Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Effective June 1, 2006, Nathaniel Quarterman succeeded Dretke as the Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Fed. R. Civ. P., Nathaniel Quarterman "is automatically substituted as a party." The clerk of court is **directed** to reflect this change on the docket sheet of this action.

perjured testimony; (6) the trial judge was biased against Petitioner; (7) the Board of Pardons and Paroles improperly denied Petitioner's request for clemency; and (8) Petitioner was maliciously prosecuted. On March 13, 2003, the magistrate judge issued his Findings, Conclusions and Recommendation, in which he recommended that grounds 1 through 6 and 8 of Petitioner's habeas petition be dismissed as time-barred by the one-year limitations period, 28 U.S.C. § 2244(d)(1), and that ground 7 be denied with prejudice for failure to allege a cognizable constitutional basis for relief. After conducting an independent review of the pleadings, files and record in this case, as well as the magistrate judge's findings, conclusions and recommendation and Petitioner's objections, the court accepted the magistrate judge's findings and conclusion, denied Petitioner's Writ of Habeas Corpus, and dismissed this case with prejudice. *See* Judgment (March 27, 2003).

Petitioner filed his Motion for Reconsideration on December 12, 2006, more than three and one-half years after a final judgment was entered dismissing this case with prejudice. Though difficult to understand at times, in his handwritten Motion for Reconsideration, Petitioner repeats many of the same arguments he made in his March 24, 2003 objections to the magistrate judge's findings, conclusions and recommendation, which were already overruled by this court. *See* Order (March 27, 2003). He contends that his underlying conviction for robbery was based on fabricated testimony of the victim and of the arresting police officers. He contends that if he had really choked the victim as she had claimed, "somebody would have found her dead the next day. There's not a person in the world who can survive a 30 minute chokehold ." Mot. at 1. He also argues that there were no medical records showing the victim receiving treatment for her alleged injuries. He further contends that the prosecutor and the trial judge conspired against him in falsely convicting him. Finally, he states that he sought clemency on numerous occasions to no avail.

**Memorandum Opinion and Order - Page 2**

## II.     Applicable Standard

Petitioner styled his postjudgment motion as a "Motion for Reconsideration." "The Federal Rules do not recognize a 'motion for reconsideration' *in haec verba*." (emphasis in original)." *Ford v. Elsbury*, 32 F.3d 931, 937 n.7 (5th Cir. 1994). The Fifth Circuit has consistently stated, however, "that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment under Rule 60(b).'" *Id.* (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). Federal Rules 59(e) and 60(b) differ in two important respects. Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment." Fed. R. Civ. P. 59(e). Rule 60(b) motions, on the other hand, may be filed up to one year after the judgment is entered for certain stated grounds, and "within a reasonable time" for all remaining grounds. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989); *see* Fed. R. Civ. P. 60(b). Accordingly, courts determine which rule to apply depending on the date the motion is filed. Regardless of which rule is applied, district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.*

Petitioner filed his Motion for Reconsideration on December 12, 2006, more than three and one-half years after a final judgment was entered dismissing this case with prejudice. Accordingly the court will consider his motion to reconsider as a motion for relief from judgment governed by Federal Rule of Civil Procedure 60(b). Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason

**Memorandum Opinion and Order - Page 3**

justifying relief from the operation of the judgment." Pursuant to Rule 60(b)(6), a court may vacate a judgment only in "extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988).

**III.   Analysis**

The court first considers whether Petitioner filed his Rule 60(b) motion "within a reasonable time." *See* Fed. R. Civ. P. 60(b). "Motions under Rule 60(b) must be made 'within a reasonable time' unless good cause can be shown for the delay." *Osborne v. Homeside Lending, Inc.*, 379 F.3d 277, 283 (5th Cir. 2004) (citing *Pryor v. U.S. Postal Svc.*, 769 F.2d 281, 287-88 (5th Cir. 1985)). "What constitutes a 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Id.* (citation omitted). Petitioner filed his Motion for Reconsideration on December 12, 2006, more than three and one-half years after a final judgment was entered dismissing this case with prejudice. Petitioner has failed to provide the court any explanation for the delay, let alone "good cause" for the delay. *See id.* Moreover, Petitioner presents no information in his motion that he did not have the practical ability to learn earlier. The remaining factors, interest in finality of judgments and possible prejudice to others, similarly weigh against a finding that Petitioner filed his Rule 60(b) motion "within a reasonable time." In short, having considered the applicable facts and circumstances of this case, the court determines that Petitioner's Motion for Reconsideration should be denied as untimely.

Alternatively, even were Petitioner's Rule 60(b) motion timely, the court has considered the grounds for relief from judgment, including without limitation those already set forth by the court in this memorandum opinion and order (*see supra* at 2), and determines that Petitioner has failed to

establish "extraordinary circumstances" upon which to vacate the judgment. Because none of the grounds implicated in Petitioner's motion constitutes "extraordinary circumstances," the court declines to vacate its judgment.

## III.    Conclusion

For the reasons state herein, the court **denies** Plaintiff's Motion for Reconsideration.

**It is so ordered** this 14th day of March, 2007.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge